UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-80338-ALTMAN/Brannon

**ALLECIA SINKFIELD**,
*on behalf of herself and others similarly situated*,

    *Plaintiff*,

v.

**PERSOLVE RECOVERIES, LLC**,

    *Defendant*.

_____/

## ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement [ECF No. 74] (the "Motion").

The Court has been advised that the parties to this action—the Plaintiff, Allecia Sinkfield, and the Defendant, Persolve Recoveries, LLC—through their respective counsel, and subject to the Court's approval, have agreed to resolve this lawsuit by a class action settlement. Following notice to the Class Members and a hearing, the parties seek to resolve the above-captioned lawsuit (the "Lawsuit") on the terms and conditions set forth in the Class Action Settlement Agreement (the "Agreement"), which has been filed with the Court. Having carefully reviewed the Motion, the Agreement, the record, and the governing law, the Court hereby **DENIES** the Motion *without prejudice*.

Under FED. R. CIV. P. 23(h), "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." The following procedures apply to any such award:

    (1) A claim for an award must be made by motion . . . at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

> (2) A class member, or a party from whom payment is sought, may object to the motion.

FED. R. CIV. P. 23(h)(1)–(2). The Eleventh Circuit has held that "Rule 23(h)'s plain language requires a district court to sequence filings such that class counsel file and serve their attorneys'-fee motion *before* any objection pertaining to fees is due." *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1252 (11th Cir. 2020). This makes sense because, "[w]hile class members may learn from a class notice the all-in amount that counsel plan to request, they would be handicapped in objecting based on the notice alone because only the later-filed fee motion will include the details of class counsel's hours and expenses and the rationale offered for the fee request." *Id.*

Since the Eleventh Circuit's decision in *Johnson*, our practice has been to require class counsel to file a motion for attorneys' fees *before* the written notice of the class action settlement is issued to the class members. *See In re Citrix Data Breach Litig.*, 2020 WL 13389309, at *1 (S.D. Fla. Oct. 1, 2020) (Altman, J.) ("To comply with Rule 23(h), then, the class notice form must include the specific amount of attorneys' fees, costs, expenses, and service awards Class Counsel has sought in its (already-filed) motion for attorneys' fees."). The Middle District of Florida has done the same. *See Kuhr v. Mayo Clinic Jacksonville*, 530 F. Supp. 3d 1102, 1110 n.4 (M.D. Fla. 2021) ("In accordance with Eleventh Circuit precedent and Rule 23(h), the Court required Class Counsel to file the Fee Motion prior to the class notice and objection period such that class members had all the information necessary to consider the fee request and decide whether to object." (citing *Johnson*, 975 F.3d at 1252)); *see also Davis v. Dixon*, 2022 WL 1267602, at *2 n.4 (M.D. Fla. Apr. 28, 2022) (same).

Under the deadlines the parties have proposed in our case, class counsel wouldn't be required to file a motion for attorneys' fees until 21 days before the class members' objection deadline. *See* [Proposed] Order Preliminarily Approving Class Settlement [ECF No. 74] (the "Proposed Order"). And, on the subject of fees, all the class notice form says is that class counsel will seek "an award of attorneys' fees and expenses not to exceed $70,000 in total to class counsel[.]" *See* [ECF No. 74-1] at

42 (containing the proposed notice). Indeed, since the parties propose that the objections deadline should be on the same day as the deadline for any class member to oppose the fee request, we wouldn't have time (before the objection deadline) to rule on the fee request. As a result, under the schedule the parties have proposed, the class members would be forced to decide blindly—that is, without any ruling from us—whether to object or not. That isn't fair, and it isn't in keeping with Johnson's dictates.

\*\*\*

Accordingly, after careful review, we **ORDER AND ADJUDGE** that the Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement [ECF No. 74] is **DENIED** without prejudice. The Plaintiff may file an Amended Motion by **August 11, 2022**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of July 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**