UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-80338-CIV-Altman/Reinhart

ALLECIA SINKFIELD, et al.,

        Plaintiffs,

vs.

PERSOLVE RECOVERIES, LLC,

        Defendant.
_____/

### REPORT AND RECOMMENDATION ON PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF CLASS ACTION ATTORNEYS' FEES AND COSTS (ECF No. 79)

Currently before me is Plaintiffs' motion seeking approval of attorneys' fees and costs in this proposed class action. ECF No. 79. On October 17, 2022, Judge Altman entered an order preliminarily certifying this lawsuit (brought pursuant to the Fair Debt Collection Act (FDCPA)) as a class action for settlement purposes. ECF No. 78. Judge Altman's order approved notification of the $20,000 Settlement Fund to the class members and set deadlines for the submission of timely claims and written objections. *Id.* The order also directed class counsel to file their motion for attorneys' fees and costs by October 24, 2022 (*id.* at 6), which they did. Judge Altman then referred the motion to me for a report and recommendation. ECF No. 80. I have reviewed the unopposed motion and for the reasons stated below, I **RECOMMEND** that it be **GRANTED.**

## BACKGROUND

On February 16, 2021, Plaintiff Allecia Sinkfield brought this proposed class action lawsuit on behalf of herself and others similarly situated, alleging that Defendant violated the FDCPA. ECF No. 1 (citing 15 U.S.C. 1692). According to the Complaint, Defendant filed at least 100 civil complaints seeking to collect debts in Florida state courts while not being registered as a consumer collection agency. *Id.* Class counsel prosecuted this lawsuit throughout most of 2021 and 2022.

Attached to the instant motion is a Declaration by James L. Davidson, a partner at the law firm of Greenwald Davidson Radbil, PLLC (GDR), who was appointed by Judge Altman as class counsel. ECF No. 78. The motion seeks payment of $68,692.00 in attorneys' fees for almost 180 hours of work, as well as litigation expenses in the amount of $1,308.00.[1]

## DISCUSSION[2]

### Calculation of Attorneys' Fees: the Lodestar Method

In calculating attorney fee awards, courts use the lodestar method, whereby a reasonable fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *Barnes*, 168 F.3d at 427 (*citing Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for

---

[1] Class counsel estimates that this lawsuit will require another 15-25 hours to "bring this case to its conclusion," with a "total expected lodestar of between $95,765 and $100,765," but GDR is willing to accept the reduced fees and costs currently due. ECF No. 79-1 at ¶¶ 32, 35.

[2] It is undisputed that Plaintiffs are the prevailing parties and entitled to an award of reasonable fees under the FDCPA.

the results obtained. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).[3]

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

The Court must consider "what a reasonable, paying client would be willing to pay," bearing in mind "*all* of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees," including the *Johnson* factors. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively") (emphasis in original). In addition, the Court may consider prior hourly rates awarded to other attorneys of similar experience in the community and also the Court's own knowledge of the rates charged by local practitioners. *See McDonald ex*

---

[3] Some of the factors courts should consider in computing the lodestar amount are (1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, as well as the requisite skill level; (2) the fee customarily charged in the locality for comparable legal services; (3) the significance of the matter, the amount involved, and the results obtained; and (4) the experience, reputation, and ability of the lawyer. *See Wachovia Bank v. Tien,* No. 04-20834, 2015 WL 10911506, at *1 (S.D. Fla. Apr. 7, 2015) (J. Valle) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)).

*rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."). *See also Norman*, 836 F.2d at 1303 ("[t]he court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . .").

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit stated,

> The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, [ ] counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.

168 F.3d at 427 (citations and quotations omitted).

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301 (*emphasis in original*)).

Even though Defendant does not object to the amount of fees and costs requested, I am nevertheless obligated to conduct an independent analysis to ensure

that the attorneys' fees sought are reasonable. *See Barnes*, 168 F.3d at 428 ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

### A. Hourly Rates

GDR assigned four attorneys to work on this class action lawsuit. Mr. Davidson, an experienced class action litigator who has been practicing for nearly 20 years, worked on this matter with his equally-accomplished partner, Michael Greenwald; both attorneys billed at an hourly rate of $500. ECF No. 79-1 at 3-4. They were assisted by Jesse Johnson, who has been practicing for 13 years and charges $450/hour, and Alexander Kruzyk, who has been practicing law for 8 years and charges $400/hour. *Id.* at 4-6.

I find these rates to be reasonable and in keeping with rates awarded two years ago by other courts in this District to these same attorneys for representing prevailing plaintiffs in FDCPA cases. *See Newman v. Eduardo Meloni, P.A.*, No. 0:20-CV-60027-UU, 2020 WL 5269442, at *2 (S.D. Fla. Sept. 4, 2020) (awarding Davidson $450/hour, Johnson $400/hour, and Kruzyk $350/hour); *Lloyd v. James E. Albertelli, P.A.*, No. 20-CV-60300-RS, 2020 WL 7295767, at *2 (S.D. Fla. Dec. 10, 2020) (awarding Davidson and Greenwald $450/hour, and Johnson $400/hour).

### B. Hours Expended

Between February 2021 and October 2022 class counsel spent time drafting the Complaint as well as discovery demands, producing initial disclosures, deposing Defendant's corporate representative, opposing Defendant's motion to dismiss, researching and preparing a motion for class certification, engaging in settlement

discussions, and preparing the motion for approval of the settlement. ECF No. 79-1 at 5-6.

I find that class counsel's expenditure of nearly 180 hours on this litigation to be reasonable. I have also considered the pertinent *Johnson* factors, and I find that GDR possessed the requisite skill and ability to litigate this case based on the firm's lengthy history in prosecuting consumer protection class actions, and that they obtained an excellent result for the proposed class given the uncertainty of the outcome had the case continued to be litigated. *See* ECF No. 79 at 10. And although the damages to be recovered by the class members (between $74-$219 each) appears to be *de minimus*, the Settlement Fund actually exceeds 1% of Defendant's net worth, which is a statutorily imposed limit. ECF No. 79 at 1, 13-14 (citing 15 U.S.C. § 1692k(a)(2)(B)). Moreover, I am mindful of the FDCPA's goals and Congress' interest in ensuring that skilled attorneys would prosecute these cases on behalf of their clients.

> In order to encourage private enforcement of the FDCPA, an award of reasonable attorneys' fees is mandatory when a plaintiff prevails on his or her claim. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see also Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) (holding the reason for these mandatory fees "is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA."). FDCPA plaintiffs "seek[ ] to vindicate important ... rights that cannot be valued solely in monetary terms ... and congress has determined that the public as a whole has an interest in the vindication of statutory rights." *Id.* at 652 (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)).

*Webb v. Vial Fotheringham LLP*, No. CV-17-01476-PHX-DJH, 2019 WL 479834, at *1 (D. Ariz. Feb. 7, 2019). *See also Domonoske v. Bank of Am., N.A.*, 790 F. Supp. 2d

466, 476 (W.D. Va. 2011) ("With regard to public policy, the court notes the need to 'properly balance the policy goals of encouraging counsel to pursue meritorious litigation in the relevant legal field, [here] consumer litigation . . . while also protecting against excessive fees.'") (citation omitted); *Riter v. Moss & Bloomberg, Ltd.*, No. 96 C 2001, 2000 WL 1433867, at *6 (N.D. Ill. Sept. 26, 2000) ("Although the amount of money involved may not have been substantial, Plaintiffs sought and received the maximum statutory award allowed under the FDCPA," therefore the court declined to further reduce the award for attorneys' fees).

Based on the foregoing, I find that the time spent and the fees sought are reasonable. *See Figueroa Polanco v. Igor & Co., Inc.*, No. 18-CV-60932, 2019 WL 3999633, at *6 (S.D. Fla. July 31, 2019) (J. Valle) (the "essential goal for the court is to 'do rough justice, not to achieve auditing perfection'") (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

### C. <u>Costs and Expenses</u>

Finally, class counsel seeks reimbursement of costs and expenses in the amount of $1308 for the filing fee, process server costs, and transcription costs from the deposition of Defendant's corporate representative. Given that reimbursement of these costs is authorized by 28 U.S.C. § 1920, I find that class counsel is entitled to their recovery. *See Ingraham v. Cap. Link Mgmt. LLC*, No. 22-CV-22691, 2022 WL 14813740, at *4 (S.D. Fla. Oct. 25, 2022).

## RECOMMENDATION

Accordingly, it is hereby **RECOMMENDED** that the District Court **GRANT** Plaintiffs' Motion for Attorneys' Fees and Costs (ECF No. 79).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy K. Altman, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 20th day of December, 2022 at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
United States Magistrate Judge